JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Frank B. Marenbach and Debra McKibbin h/w

**DEFENDANTS**
Robert Land

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Atlantic
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*
Gerard J. Jackson, 1500 North Kings Highway, Suite 205 Cherry Hill, NJ 08034, gjackson.esquire@gmail.com, 856.229.7620

Attorneys *(If Known)*
Patrick J. Wolfe, Jr., 589 Skippack Pike, Suite 300, Blue Bell, PA 19422, pjwolfe@bluebelllaw.com, 215.628.2550

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☒ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1  Original Proceeding   ☒ 2  Removed from State Court   ☐ 3  Remanded from Appellate Court   ☐ 4  Reinstated or Reopened   ☐ 5  Transferred from Another District *(specify)*   ☐ 6  Multidistrict Litigation - Transfer   ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332
Brief description of cause:
Professional liability -Legal

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ No monetary amount listed
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*   JUDGE _____   DOCKET NUMBER _____

DATE
12/08/2016

SIGNATURE OF ATTORNEY OF RECORD
*Pat Wolfe*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Patrick J. Wolfe, Jr., Esquire
Narducci, Moore, Fleisher,
Roeberg & Wolfe, LLP
589 Skippack Pike, Suite 300
Blue Bell, PA 19422
Ph. 215-628-2550
pjwolfe@bluebelllaw.com

Attorneys for Defendant
Robert Land

|  |  |  |
|---|---|---|
| FRANK B. MARENBACH | : | UNITED STATES |
| AND | : | DISTRICT COURT |
| DEBRA MCKIBBIN, h/w | : | |
| | : | DISTRICT OF NEW JERSEY |
| Plaintiffs | : | |
| v. | : | Case No. |
| | : | |
| ROBERT LAND | : | **NOTICE OF REMOVAL** |
| | : | |
| Defendant | : | |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §1441(a), Defendant, Robert Land, ("Land") hereby gives notice of the removal of this action from the Superior Court of New Jersey, Law Division, Atlantic County, to the United States District Court for the District of New Jersey. In support of this Notice of Removal, Mr. Land states as follows:

## THE REMOVED CASE

1. The removed case is a civil action captioned Frank B. Marenbach and Debra McKibbin, h/w v. Robert Land, Case No. ATL-L-002547-16 (the "State Court Action"). *See* Complaint, attached hereto as Exhibit A. Plaintiff filed the case on November 17, 2016, and Mr. Land through counsel, accepted service on November 21, 2016.

## PAPERS FROM REMOVED ACTION

2. As required by 28 U.S.C. §1441(a), Land has attached copies of all state court pleadings in his possession. ***See* Exhibit A**, including copies of all process, pleadings and orders

in the removed case that of which has possession.  No other process, pleadings or orders have been served upon Land in the State Court Action.  Land has not filed a responsive pleading in the State Court Action, and no hearings have been set in the State Court Action.

## THE VENUE REQUIREMENT IS MET

3.      Venue of this removal is proper under 28 U.S.C. §1441(a) because this Court is the United States District Court for the district and division corresponding to the place where the State Court Action was pending.

## THIS COURT HAS ORIGINAL JURISDICTION OVER THIS MATTER UNDER 28 U.S.C. §1332

4.      This is a civil action that falls under the Court's original jurisdiction, 28 U.S.C. §1332 (diversity),  and is one that may be removed to this Court based on 28 U.S.C. §§1441 and 1446.

## DIVERSITY JURISDICTION EXISTS

5.      Diversity jurisdiction under 28 U.S.C. §1332 exists here because the litigation is between citizens of different states and the amount in controversy exceeds $75,000.00.

6.      The citizenship of each of the parties is as follows:  As alleged in the Complaint, Plaintiffs are citizens of Pennsylvania while Defendant is a citizen of New Jersey.

7.      The amount of the controversy requirement is met because, though not alleged in the Complaint, Plaintiffs seek compensatory damages in excess of $150,000.00 and have communicated a demand in excess of such to the undersigned counsel.

8.      Moreover, though an amount is not alleged in the Complaint, this matter is a professional liability matter arising, in part, from an underlying personal injury case which was filed in this Court by the Plaintiffs captioned *Frank Marenbach et al v. City of Margate*, Case

No. 1:11-cv-03832-NLH-AMD, in which Plaintiffs alleged personal injuries exceeding $75,000.00.

## THE REMOVAL IS TIMELY

8.      28 U.S.C. §1441(b) provides that:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based....

9.      The Complaint in this matter is dated November 17, 2016. *See* **Exhibit A**.

10.     The Complaint was first received by the undersigned on behalf of the Defendant on November 18, 2016. This was the first receipt of the Complaint by Defendant and his counsel. Accordingly, this Notice of Removal is being filed within the thirty days of receipt by Defendant.

## FILING OF REMOVAL PAPERS

11.     Simultaneously with the filing of this Notice of Removal, Land is giving notice to all adverse parties (Plaintiffs) and is filing a copy of this Notice of Removal with the Superior Court of New Jersey, Law Division, Atlantic County pursuant to 28 U.S.C. §1446(d). A true and correct copy of the Notice of Removal of Civil Action, as being filed with the State Court Action, is attached hereto as **Exhibit B**.

12.     Land expressly reserves his right to raise all defenses and objections to Plaintiffs' claims after the action is removed to this Court, including but not limited to failure to state a claim upon which relief can be granted.

**WHEREFORE**, Defendant, Robert Land, respectfully requests that this action now pending in the Superior Court of New Jersey, Law Division, Atlantic County, be removed to this Court and that further proceedings in this action be conducted in this Court as provided by law.

Respectfully submitted,

By: _____

Patrick J. Wolfe, Jr., Esquire
Attorney for Defendant, Robert Land

Date:  December 8, 2016

EXHIBIT "A"

## SUMMONS

Attorney(s)    GERARD J. JACKSON, ESQUIRE

Office Address    1500 NORTH KINGS HIGHWAY
SUITE 205

Town, State, Zip Code    CHERRY HILL, NJ 08034

Telephone Number    (856) 229-7620

Attorney(s) for Plaintiff

FRANK B. MARENBACH AND DEBRA MCKIBBIN, h/w

     Plaintiff(s)

Vs.
ROBERT LAND

     Defendant(s)

## Superior Court of New Jersey

Atlantic      COUNTY

LAW      DIVISION

Docket No:

## CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

          /s/ Michelle M. Smith

          Clerk of the Superior Court

DATED:    11/18/2016

Name of Defendant to Be Served:    ROBERT LAND

Address of Defendant to Be Served:

Revised 11/17/2014, CN 10792-English (Appendix XII-A)



2016 NOV 17 PM 1:56

GERARD J. JACKSON, ESQUIRE
1500 NORTH KINGS HIGHWAY
SUITE 205
CHERRY HILL, NJ 08034
(856)229-7620                               Attorney for Plaintiffs

---

| | | |
|---|---|---|
| FRANK B. MARENBACH | : | |
| AND | : | |
| DEBRA MCKIBBIN, h/w | : | |
| 3636 Essex Lane | : | SUPERIOR COURT OF NEW JERSEY |
| Philadelphia, PA 19114 | : | ATLANTIC COUNTY |
| | : | |
| Plaintiffs | : | LAW DIVISION |
| | : | |
| v. | : | DOCKET NO. |
| | : | |
| ROBERT LAND | : | |
| The Curtis Center | : | |
| Suite 160 West | : | |
| 601 Walnut Street | : | |
| Philadelphia, PA 19106 | : | COMPLAINT – CIVIL ACTION |
| | : | |
| Defendant | : | JURY TRIAL DEMANDED |
| | : | |
| | : | |

---

1. Plaintiffs are husband and wife and are adult individuals who reside in the Commonwealth of Pennsylvania at the address above set forth. Plaintiffs are citizens and residents of Pennsylvania.

2. Defendant Robert Land, is an adult individual who is, upon information and belief, a resident of New Jersey, who resides in the County of Atlantic.

3. Defendant Robert Land is an attorney licensed to practice law in Pennsylvania and

1

maintains professional offices in Philadelphia, PA at the address above set forth.

4. At relevant times, Defendant Robert Land transacted business in New Jersey by way of his pre-litigation written efforts to parties in New Jersey to advance the claims of Plaintiffs upon the underlying claim personal injury claim giving rise to the instant suit.

5. On or about July 4, 2009, at or around mid-evening, Plaintiff Frank Marenbach was a pedestrian lawfully crossing Ventnor Avenue at or near its intersection with Jefferson Street, in the City of Margate, County of Atlantic, State of New Jersey.

6. At relevant times, Ventnor Avenue was a public roadway maintained and controlled by the County of Atlantic, and was known and marked as County Route 629.

7. At the aforesaid time and place, Husband-Plaintiff tripped on a pothole in Ventnor Avenue, which incident proximately resulted in injuries to his left foot and ankle, which are substantial and permanent in nature. The said injuries have also caused disfigurement.

8. The injuries sustained by Plaintiff have resulted in medical expenses in excess of $3600.00.

9. The said pothole, which was a tripping hazard to pedestrians, existed at the time and place of this accident as a proximate and direct result of the negligence and carelessness of the County of Atlantic.

10. Further, the said pothole existed in such degree and for such a period of time so as to constitute notice to the County of Atlantic of its existence, its nature, and its physical hazard to pedestrians.

11. The pothole was at a location where it was reasonably foreseeable to the County of Atlantic that there would be pedestrian traffic.

2

12. The public property herein, to wit, the portion of Ventnor Avenue on which the pothole was located, was in a dangerous condition on July 4, 2009, the date of the incident herein described.

13. The said dangerous condition created a foreseeable risk of injury such as occurred to Husband-Plaintiff.

14. The said dangerous condition proximately resulted in Husband-Plaintiff's injuries.

15. The County of Atlantic had actual or constructive notice of the dangerous condition in sufficient time prior to July 4, 2009 to take steps to protect pedestrians such as Plaintiff against the said dangerous condition; alternatively, an employee or employees of Atlantic County acting within the scope of his/her employment with the County of Atlantic either created this dangerous condition, or, by inaction, allowed the dangerous condition to persist.

16. Such measures, if any, taken by the County of Atlantic, to address the dangerous condition were palpably unreasonable; alternatively, the failure of the County of Atlantic to take measures to address and remedy the dangerous condition was palpably unreasonable, thereby rendering it liable to the Plaintiff for monetary damages under the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq. (hereinafter "TCA").

17. As a proximate and direct result of the palpable negligence of the County of Atlantic as aforesaid, Husband Plaintiff suffered personal injuries which entitled him to monetary damages against the County of Atlantic under the TCA, either by way of successful adjustment of his claim pre-suit, or, alternatively, a settlement during litigation, or alternatively a verdict in his favor after trial.

18. In September, 2009, Plaintiffs engaged Defendant Robert Land as counsel to pursue

3

personal injury claims against responsible parties arising out of the July 4, 2009 accident above described.

19. At relevant times, there was an attorney-client relationship between Plaintiffs and Mr. Land.

20. At all material times, Mr. Land was an attorney and counselor licensed to practice law by the Supreme Court of Pennsylvania.

21. At material times, Mr. Land undertook the professional duty as an attorney to represent the Plaintiffs in a pre-litigation claims mode with respect to a personal injury claim arising under and governed exclusively by New Jersey law, to wit, a claim against a governmental entity or entities arising under the New Jersey TCA, based on an occurrence which took place in New Jersey as above described.

22. At material times, Mr. Land was careless and negligent, both generally, and, in particular (but not limited to) by reason of his failure to provide the County of Atlantic with a timely ninety-day statutory notice of claim, such notice being a mandatory requirement to preserve such a claim under the New Jersey TCA.

23 As a proximate and direct result of Mr. Land's professional negligence as aforesaid, Plaintiff's rights of recovery under the TCA as to the County of Atlantic were lost.

24. At all material times, Plaintiffs would have been in a position to establish and succeed with a prima facie case for monetary damages against the County of Atlantic under the TCA.

25. Further, at all material times, any opportunity to amicably resolve the case against the County of Atlantic was lost, as a proximate result of the failure of Mr. Land to provide a timely

4

TCA notice of claim to the County of Atlantic.

26. Mr. Land's negligent failure to meet the professional duty to file a TCA-mandated Notice of Claim within ninety (90) days of the occurrence proximately resulted in the loss of all of Husband-Plaintiff's rights against the County of Atlantic, and, by operation of law, the loss of Wife-Plaintiff 's derivative claim for per quod damages.

WHEREFORE, Plaintiffs do pray for judgment in their favor and against the Defendant Robert Land  for compensatory damages, counsel fees and all such other damages as may be allowed by law.

GERARD J. JACKSON, ESQUIRE
Attorney for Plaintiff

JURY DEMAND

A trial by jury is hereby demanded pursuant to the New Jersey Rules of Court.

GERARD J. JACKSON

DESIGNATION OF TRIAL COUNSEL

Gerard J. Jackson, Esquire is hereby designated as Plaintiff's Trial Counsel.

GERARD J. JACKSON

5

CERTIFICATION AS TO NO PENDING MATTERS

This matter is not the subject of any other pending litigation.

GERARD J. JACKSON

DATE: _11/17/16_

6

EXHIBIT "B"

Patrick J. Wolfe, Jr., Esquire
Narducci, Moore, Fleisher,
Roeberg & Wolfe, LLP
589 Skippack Pike, Suite 300
Blue Bell, PA 19422
Ph. 215-628-2550                    Attorneys for Defendant
pjwolfe@bluebelllaw.com             Robert Land

---

| | | |
|---|---|---|
| FRANK B. MARENBACH | : | SUPERIOR COURT OF NEW JERSEY |
| AND | : | ATLANTIC COUNTY |
| DEBRA MCKIBBIN, h/w | : | LAW DIVISION |
| | : | |
| | : | |
| Plaintiffs | : | DOCKET NO. ATL-L-002547-16 |
| v. | : | |
| | : | |
| ROBERT LAND | : | NOTICE OF REMOVAL OF |
| | : | CIVIL ACTION |
| Defendant | : | |

---

PLEASE TAKE NOTICE that Defendant, Robert Land, by and through his

undersigned counsel, on this date has filed a Notice of Removal of this action under 28

U.S.C. §§1332, 1441 and 1446, thereby removing this matter from the Superior Court of

New Jersey, Law Division, Atlantic County to the United States District Court for the

District of New Jersey.  In accordance with the provisions of 28 U.S.C. §1446(b), a copy

of the Notice of Removal is attached hereto as Exhibit "1."  Pursuant to 28 U.S.C.

§1446(d), this state court action shall proceed no further.

                                   Respectfully submitted,

By: _____
                                   Patrick J. Wolfe, Jr., Esquire
                                   Attorney for Defendant
                                   Robert Land

EXHIBIT "1"

JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Frank B. Marenbach and Debra McKibbin h/w

**(b)** County of Residence of First Listed Plaintiff   Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*

Gerard J. Jackson, 1500 North Kings Highway, Suite 205 Cherry Hill, NJ 08034, gjackson.esquire@gmail.com, 856.229.7620

## DEFENDANTS

Robert Land

County of Residence of First Listed Defendant   Atlantic
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Patrick J. Wolfe, Jr., 589 Skippack Pike, Suite 300, Blue Bell, PA 19422, pjwolfe@bluebelllaw.com, 215.628.2550

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
     Plaintiff

☐ 2  U.S. Government
     Defendant

☐ 3  Federal Question
     *(U.S. Government Not a Party)*

☒ 4  Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                              *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted | ☐ 340 Marine | Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☒ 360 Other Personal | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | Injury | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | Leave Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1  Original
     Proceeding
☒ 2  Removed from
     State Court
☐ 3  Remanded from
     Appellate Court
☐ 4  Reinstated or
     Reopened
☐ 5  Transferred from
     Another District
     *(specify)*
☐ 6  Multidistrict
     Litigation -
     Transfer
☐ 8  Multidistrict
     Litigation -
     Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332

Brief description of cause:
Professional liability -Legal

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $   No monetary amount listed

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE
12/08/2016

SIGNATURE OF ATTORNEY OF RECORD
*Pat Wolfe*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Patrick J. Wolfe, Jr., Esquire
Narducci, Moore, Fleisher,
Roeberg & Wolfe, LLP
589 Skippack Pike, Suite 300
Blue Bell, PA 19422
Ph. 215-628-2550                          Attorneys for Defendant
pjwolfe@bluebelllaw.com                   Robert Land

| | |
|---|---|
| FRANK B. MARENBACH : | UNITED STATES |
| AND : | DISTRICT COURT |
| DEBRA MCKIBBIN, h/w : | |
| : | DISTRICT OF NEW JERSEY |
| Plaintiffs : | |
| v. : | Case No. |
| : | |
| ROBERT LAND : | **NOTICE OF REMOVAL** |
| : | |
| Defendant : | |

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §1441(a), Defendant, Robert Land,

("Land") hereby gives notice of the removal of this action from the Superior Court of New

Jersey, Law Division, Atlantic County, to the United States District Court for the District of New

Jersey.  In support of this Notice of Removal, Mr. Land states as follows:

### THE REMOVED CASE

1.     The removed case is a civil action captioned <u>Frank B. Marenbach and Debra</u>

<u>McKibbin, h/w v. Robert Land</u>, Case No. ATL-L-002547-16 (the "State Court Action").  *See*

Complaint, attached hereto as Exhibit A.  Plaintiff filed the case on November 17, 2016, and Mr.

Land through counsel, accepted service on November 21, 2016.

### PAPERS FROM REMOVED ACTION

2.     As required by 28 U.S.C. §1441(a), Land has attached copies of all state court

pleadings in his possession.  *See* **Exhibit A**, including copies of all process, pleadings and orders

in the removed case that of which has possession.  No other process, pleadings or orders have been served upon Land in the State Court Action.  Land has not filed a responsive pleading in the State Court Action, and no hearings have been set in the State Court Action.

## THE VENUE REQUIREMENT IS MET

3.      Venue of this removal is proper under 28 U.S.C. §1441(a) because this Court is the United States District Court for the district and division corresponding to the place where the State Court Action was pending.

## THIS COURT HAS ORIGINAL JURISDICTION OVER THIS MATTER UNDER 28 U.S.C. §1332

4.      This is a civil action that falls under the Court's original jurisdiction, 28 U.S.C. §1332 (diversity),  and is one that may be removed to this Court based on 28 U.S.C. §§1441 and 1446.

## DIVERSITY JURISDICTION EXISTS

5.      Diversity jurisdiction under 28 U.S.C. §1332 exists here because the litigation is between citizens of different states and the amount in controversy exceeds $75,000.00.

6.      The citizenship of each of the parties is as follows:  As alleged in the Complaint, Plaintiffs are citizens of Pennsylvania while Defendant is a citizen of New Jersey.

7.      The amount of the controversy requirement is met because, though not alleged in the Complaint, Plaintiffs seek compensatory damages in excess of $150,000.00 and have communicated a demand in excess of such to the undersigned counsel.

8.      Moreover, though an amount is not alleged in the Complaint, this matter is a professional liability matter arising, in part, from an underlying personal injury case which was filed in this Court by the Plaintiffs captioned *Frank Marenbach et al v. City of Margate*, Case

No. 1:11-cv-03832-NLH-AMD, in which Plaintiffs alleged personal injuries exceeding $75,000.00.

## THE REMOVAL IS TIMELY

8.    28 U.S.C. §1441(b) provides that:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based....

9.    The Complaint in this matter is dated November 17, 2016. *See* **Exhibit A.**

10.    The Complaint was first received by the undersigned on behalf of the Defendant on November 18, 2016. This was the first receipt of the Complaint by Defendant and his counsel. Accordingly, this Notice of Removal is being filed within the thirty days of receipt by Defendant.

## FILING OF REMOVAL PAPERS

11.    Simultaneously with the filing of this Notice of Removal, Land is giving notice to all adverse parties (Plaintiffs) and is filing a copy of this Notice of Removal with the Superior Court of New Jersey, Law Division, Atlantic County pursuant to 28 U.S.C. §1446(d). A true and correct copy of the Notice of Removal of Civil Action, as being filed with the State Court Action, is attached hereto as **Exhibit B.**

12.    Land expressly reserves his right to raise all defenses and objections to Plaintiffs' claims after the action is removed to this Court, including but not limited to failure to state a claim upon which relief can be granted.

**WHEREFORE**, Defendant, Robert Land, respectfully requests that this action now pending in the Superior Court of New Jersey, Law Division, Atlantic County, be removed to this Court and that further proceedings in this action be conducted in this Court as provided by law.

Respectfully submitted,

By: _____

Patrick J. Wolfe, Jr., Esquire
Attorney for Defendant, Robert Land

Date: December 8, 2016

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of December, 2016, a true and correct copy of

the foregoing NOTICE OF REMOVAL was served upon the following addressee:

Gerard J. Jackson, Esquire
1500 North Kings Highway
Suite 205
Cherry Hill, NJ 08034

Dated: December 8, 2016          By:   _____
                                        Patrick J. Wolfe, Jr., Esquire
                                        Attorney for Defendant
                                        Robert Land

Patrick J. Wolfe, Jr., Esquire
Narducci, Moore, Fleisher,
Roeberg & Wolfe, LLP
589 Skippack Pike, Suite 300
Blue Bell, PA 19422
Phone No. 215-628-2550            Attorneys for Defendant
Email: pjwolfe@bluebelllaw.com    Robert Land

---

| | | |
|---|---|---|
| FRANK B. MARENBACH | : | SUPERIOR COURT OF NEW JERSEY |
| AND | : | ATLANTIC COUNTY |
| DEBRA MCKIBBIN, h/w | : | LAW DIVISION |
| | : | |
| | : | |
| Plaintiffs | : | DOCKET NO. ATL-L-002547-16 |
| v. | : | |
| | : | |
| ROBERT LAND | : | CERTIFICATION OF SERVICE |
| | : | CIVIL ACTION |
| Defendant | : | |

---

I HEREBY CERTIFY that on this 8th day of December, 2016, a true and correct copy of

the foregoing NOTICE OF REMOVAL OF CIVIL ACTION was served upon the following

addressee:

Gerard J. Jackson, Esquire
1500 North Kings Highway
Suite 205
Cherry Hill, NJ 08034

Respectfully submitted,

By: _____
       Patrick J. Wolfe, Jr., Esquire
       Attorney for Defendant
       Robert Land

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of December, 2016, a true and correct copy of

the foregoing NOTICE OF REMOVAL was served upon the following addressee:

Gerard J. Jackson, Esquire
1500 North Kings Highway
Suite 205
Cherry Hill, NJ 08034

Dated: December 8, 2016          By: _____
                                      Patrick J. Wolfe, Jr., Esquire
                                      Attorney for Defendant
                                      Robert Land